J-S22025-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RICHARD A. VAUGHN, SR. | : | |
| | : | |
| Appellant | : | No. 352 MDA 2021 |

Appeal from the PCRA Order Entered February 19, 2021
In the Court of Common Pleas of Franklin County Criminal Division at
No(s):  CP-28-CR-0001395-2016

BEFORE:   PANELLA, P.J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McCAFFERY, J.:                    **FILED OCTOBER 12, 2021**

Richard A. Vaughn, Sr. (Appellant) appeals from the order entered in the Franklin County Court of Common Pleas, dismissing his first petition filed pursuant to the Post Conviction Relief Act[1] (PCRA).  Appellant seeks relief from the judgment of sentence imposed following his jury conviction of, *inter alia*, indecent assault and corruption of minors[2] for the sexual abuse of a 13 year old boy (Victim).  On appeal, Appellant contends the PCRA court abused its discretion when it dismissed his petition absent an evidentiary hearing on his claim that trial counsel was ineffective for failing to authenticate potentially exculpatory evidence in the form of Facebook messages, purportedly authored

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] **See** 18 Pa.C.S. §§ 3126(a)(8), 6301(a)(1)(ii).

by Victim's stepmother (Stepmother), stating she fabricated the allegations against Appellant. For the reasons below, we affirm.

The facts underlying Appellant's conviction were summarized by this Court in a prior appeal:

> On the evening of March 19, 2016, [V]ictim was at the apartment of his stepmother, B.D.P., with his brother and [A]ppellant. Appellant had been talking to [Stepmother], whom he was dating, when he started wrestling with [V]ictim. As he was wrestling with [V]ictim, [A]ppellant grabbed [V]ictim's "private area" and "started [ ] rubbing it and putting it up against him through [Victim's] clothes, but he didn't go through [Victim's] clothes." [V]ictim also testified that [A]ppellant French kissed him, which [V]ictim testified tasted like coffee and cigarettes. [Stepmother] testified [A]ppellant admitted to her that he kissed [V]ictim and that he had sexually explicit dreams about [V]ictim.

*Commonwealth v. Vaughn*, 94 MDA 2019 (unpub. memo. at 1-2) (Pa. Super. Nov. 19, 2019) (record citations omitted).

Appellant was subsequently charged with attempted indecent assault, indecent assault, corruption of minors, and unlawful contact with a minor.[3] Relevant to the issue herein, on January 12, 2018, Appellant's trial counsel, Assistant Public Defender Brian W. Mains, Esquire (Attorney Mains), filed a motion to compel discovery. Attorney Mains explained the Commonwealth had provided screen shots of Facebook messages allegedly sent by Stepmother, which stated that she and Victim had lied to police, and "the offenses alleged never occurred." Appellant's Motion to Compel, 1/12/18, at 1 (unpaginated). However, Stepmother denied sending the messages. *Id.* at

_____

[3] *See* 18 Pa.C.S. §§ 901, 6318(a)(1).

2.  Attorney Mains asserted he "subpoenaed Facebook directly and requested that the Commonwealth provide copies of the messages and the correlated Facebook data[, but that b]oth the subpoena directed to Facebook and the request to the Commonwealth have been denied." *Id.* at 1.  Attorney Mains also averred he subpoenaed Stepmother to provide the "requested evidence" by January 23, 2018.  *Id.* at 2.  Thus, Attorney Mains requested the court enter an order:  (1) compelling Stepmother to comply with his subpoena; (2) directing the Commonwealth "to ensure it does not proffer perjured testimony by [disclosing] all related data regarding the creation and transmission of the messages[;]" and (3) directing Facebook "to produce the requested material." *Id.* at 3.

A hearing was conducted on January 26, 2018.[4]  That same day, the trial court entered the following order:

> IT IS HEREBY ORDERED that [Appellant's motion to compel] is denied for the reasons articulated on the record prior to entry of this Order.  Specifically, the defense has not provided any authority to support its position that the Commonwealth should be made to authenticate Facebook messages, copies of which have been provided to [Appellant] for use during cross-examination or in any other manner as chosen and pursued by [Appellant].
>
> This ruling is based on the Commonwealth's assertion that it has provided everything in its file regarding the Facebook messages to [Appellant].

Order, 1/26/18.

---

[4] No transcript from this hearing is included in the certified record.

The case proceeded to a jury trial on February 6, 2018. During her cross-examination, Stepmother acknowledged that she had conversations "online" with "Noella Rodriguez" about the incident. N.T. Jury Trial, 2/6/18, at 62. However, when confronted with the screen shots at issue, Mother denied she authored those messages. *Id.* at 66. She explained the "diction" was not hers and the name on the account was not the name she used on her Facebook account at that time. *Id.* Subsequently, Attorney Mains attempted to call Noella Rodriguez as a witness to "authenticate[ ]" that she "had that communication" with Stepmother. *Id.* at 75. Attorney Mains stated he did not intend to introduce the actual screen shots into evidence. *Id.* at 76. The Commonwealth objected on the basis of hearsay, and the trial court sustained the objection. *See id.* at 78-81. Attorney Mains later asked the court to reconsider its ruling, and argued that the evidence was not offered for its truth, but rather, simply to demonstrate Stepmother lied when she testified she did not make the Facebook statements. *See id.* at 94. The trial court disagreed, again finding the testimony would be hearsay. That same day, the jury returned a verdict of guilty on all charges.[5]

On June 13, 2018, the trial court sentenced Appellant to three, concurrent mandatory minimum terms of 25 to 50 years' imprisonment for the convictions of indecent assault, corruption of minors, and unlawful contact

---

[5] On March 9, 2018, the trial court entered an order appointing new counsel — Shawn M. Stottlemyer, Esquire (Attorney Stottlemyer) — to represent Appellant. Order, 3/9/18.

with a minor, pursuant to 42 Pa.C.S. § 9718.2(a)(1) (mandatory minimum 25 years' imprisonment if, at time of current offense, defendant "had previously been convicted of" a sexual offense).[6] The court determined Appellant's conviction of attempted indecent assault merged for sentencing purposes. Appellant filed a timely post-sentence motion on July 23, 2018,[7] challenging the weight and sufficiency of the evidence supporting his convictions, and the preclusion of Ms. Rodriquez's testimony concerning "how she knew she was communicating with" Stepmother in the Facebook messages. Appellant's Motion for Post-Sentence Relief, 7/23/18, at 7 (unpaginated). The trial court denied the post-sentence motion, and this Court affirmed on direct appeal. *See Vaughn*, 94 MDA 2019 (unpub. memo. at 1-10).

On December 18, 2020, Appellant, *via* Attorney Stottlemyer, filed a timely, counseled PCRA petition, asserting Attorney Mains was ineffective for failing "to attempt to authenticate the Facebook messages prior to trial" by filing a motion in *limine*. Appellant's Petition for Post Conviction Collateral Relief, 12/18/20, at 3 (unpaginated). He further averred "[t]his inaction

---

[6] Appellant was not designated as a sexually violent predator (SVP) under the Sexual Offenders Registration and Notification Act (SORNA), but was informed of his lifetime registration requirements as a Tier III offender. *See* Appellant's Notice of Registration Requirements — Tier III Offenders, 6/13/19; 42 Pa.C.S. §§ 9799.14(d)(16) (defendant with two or more convictions of Tier I or Tier II sexual offenses designated at Tier III offender); 9799.24 (SVP assessment).

[7] On the day of sentencing, the trial court entered an order granting Appellant 30 days "from the date of the lodging of the [trial] transcript .. . . to file any post sentence motion[.]" Order, 6/13/18.

resulted in [his] inability to call a key defense witness[,]" Ms. Rodriguez, who could have provided "additional facts and context to authenticate the messages." *Id.* On January 29, 2021, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. When Appellant did not file a response within 20 days, the PCRA court entered an order dismissing the petition on February 19th. This timely appeal follows.[8]

Appellant presents one issue for our review:

> Whether it was an abuse of discretion to dismiss [Appellant's] PCRA Petition without a hearing where trial counsel was ineffective for failure to authenticate exculpatory evidence rendering said evidence inadmissible at trial?

Appellant's Brief at 4.[9]

Our standard of review of an order denying PCRA review is well-established: "[W]e determine whether the ruling of the PCRA court is supported by the record and is free of legal error." ***Commonwealth v. Webb***, 236 A.3d 1170, 1176 (Pa. Super. 2020). Furthermore, "a PCRA court has discretion to dismiss a PCRA petition without a hearing if the court is satisfied that there are no genuine issues concerning any material fact; that the defendant is not entitled to post-conviction collateral relief; and that no legitimate purpose would be served by further proceedings."

---

[8] Appellant complied with the PCRA court's directive to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

[9] The Commonwealth did not file a responsive brief.

***Commonwealth v. Brown***, 161 A.3d 960, 964 (Pa. Super. 2017) (citations omitted).

Where, as here, the petitioner raises a claim asserting the ineffective assistance of counsel, we are guided by the following:

> Counsel is presumed to have been effective. In order to overcome that presumption and prevail on a claim of ineffectiveness, Appellant must establish that: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his conduct; and (3) he was prejudiced by counsel's ineffectiveness, *i.e.* there is a reasonable probability that because of the act or omission in question, the outcome of the proceeding would have been different. In determining whether trial counsel's actions or omissions were reasonable, the question is not whether there were other more logical courses of action he or she could have pursued; rather, the question is whether counsel's decisions had any reasonable basis.

***Commonwealth v. Hand***, 252 A.3d 1159, 1166 (Pa. Super. 2021) (citations omitted).

Here, Appellant contends Attorney Mains "failed to attempt to authenticate the Facebook messages prior to trial" by filing a motion in *limine*, which would have provided the trial court the opportunity "to hear [Ms. Rodriguez's] testimony and judge the authenticity of the Facebook messages." Appellant's Brief at 10. Because Attorney Mains failed to do so, Appellant argues he was unable to "call a key defense witness" — Ms. Rodriguez — who may have been able to "provide additional facts and context to authenticate the messages." *Id.* Appellant insists Attorney Mains had no reasonable basis for his inaction, and, as a result, Appellant was "clearly prejudiced" because Ms. Rodriguez was not permitted to testify. *Id.* at 10-11.

The PCRA court rejected Appellant's claim as lacking in arguable merit. First, the court emphasized that Attorney Mains **did attempt** to authenticate the Facebook messages prior to trial. *See* PCRA Ct. Op., 1/29/21, at 6. Indeed, Attorney Mains "issued subpoenas to Facebook and [Stepmother, seeking] to obtain the official Facebook data connected to the creation and transmission of the Facebook messages and [Stepmother's] Facebook login information[.]" *Id.* Additionally, Attorney Mains filed a motion to compel in the trial court, which the court denied following a January 2018 hearing. *Id.* Thus, the PCRA court opined: "It is clear . . . , upon review of the record, that Attorney Mains attempted, both prior to and at trial, to authenticate the messages." *Id.*

Moreover, to the extent that Appellant now claims Ms. Rodriguez could have provided "additional facts and context to authenticate the messages," the PCRA court bluntly stated Appellant "has failed to explain what circumstantial evidence, if any, Ms. Rodriguez could/would proffer which would have been sufficient to authenticate the messages." PCRA Ct. Op. at 7. The court explained:

> [E]ven if Ms. Rodriguez had been permitted to testify at trial, she would not have been able to authenticate the messages based on her testimony alone. It is true that the messages in question purport to be Facebook Messenger messages. However, the messages in question **were not Facebook chat logs accompanied by a certificate of authenticity**; the messages were simply "screen[ ]shots" taken by a third-party unknown to this court, taken at an unknown time, at an unknown location, and with an unknown device."

*Id.*

We agree with the PCRA court that Appellant's ineffectiveness claim lacks arguable merit, and, thus, the court did not abuse its discretion in failing to conduct an evidentiary hearing. **See Brown**, 161 A.3d at 964. Indeed, Attorney Mains did attempt to authenticate the Facebook messenger screen shots prior to trial, but was unsuccessful. Furthermore, we observe Appellant offered no explanation how Ms. Rodriguez would be able to authenticate that someone else — allegedly Stepmother — was in fact the sender of the messages she allegedly received.

To the extent Appellant implies the trial court erred when it precluded him from calling Ms. Rodriguez to authenticate the messages, we note that claim was raised and rejected by this Court on direct appeal. **See Vaughn**, 94 MDA 2019 (unpub. memo. at 4-5); Trial Ct. Post-Sentence Motion Op., 12/13/18, at 8-11) (concluding Ms. Rodriguez's testimony "alone" was insufficient to authenticate screenshots when Stepmother denied she owned the account from which the messages were sent, and Appellant failed to "provide a certified record from Facebook about [Ms.] Rodriguez's Facebook account in an effort to authenticate the screen shots to be offered"). Thus, it is now previously litigated. **See** 42 Pa.C.S. §§ 9543(a)(3) (in order to be eligible for PCRA relief, petitioner must prove claim "has not been previously litigated or waived"), 9544(a)(2) (claim is previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue"). Thus, Appellant is entitled to no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/12/2021