J-S29038-21

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LAMAR BATCHLER, | : | |
| | : | |
| Appellant | : | No. 555 EDA 2021 |

Appeal from the PCRA Order Entered February 11, 2021
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010213-2015

BEFORE: PANELLA, P.J., KUNSELMAN, J. and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                **FILED NOVEMBER 9, 2021**

Appellant, Lamar Batchler, appeals from the order entered in the Court

of Common Pleas of Philadelphia County on February 11, 2021, dismissing

his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]

Following our review, we affirm.

A prior panel of this Court set forth the procedural history and facts as

follows:

> [Appellant] was arrested on August 6, 2015, and charged
> with murder, violations of The Uniform Firearms Act and
> possessing the instruments of a crime. [Appellant] was bound
> over for court on all charges following a preliminary hearing on
> October 13, 2015. A jury was empaneled from April 17, 2017[,]
> through April 21, 2017, wherein [Appellant] was convicted of
> murder of the first degree and firearms not to be carried without
> a license.[1] On May 5, 2017, [Appellant] was sentenced to ...
> mandatory life imprisonment to be followed by three and one-half

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

*Former Justice specially assigned to the Superior Court.

to seven years' incarceration for violating The Uniform Firearms Act. Post-Sentence Motions were not filed, however a timely appeal was made to the Superior Court of Pennsylvania.

_____
[1] 18 Pa.C.S.[A.] §§ 2502(A), 6106(A)(1), respectively.

* * *

The facts, when viewed in the light most favorable to the Commonwealth as the verdict-winner, show that a couple of days prior to October 17, 2014, brothers Kiron and Leonard Clinton were socializing at a bar located at 8th Street and Hunting Park Avenue in the City and County of Philadelphia. A[n] unnamed woman spoke with Leonard about selling him a dime bag of marijuana in return for a couple of drinks, which [Appellant] overheard and took offense, claiming he was the only one selling weed in that area. There was a discussion between the brothers and [Appellant], which intensified and got louder with Kiron eventually hitting [Appellant]. A couple of [Appellant's] friends came over and broke up the argument, which seemed over at that point. (N.T. 4-19-2017, pp. 143-149, 182, 212-217).

On October 17, Kiron, Leonard, and a third brother, Cornel, returned to the same bar where they were hanging out and shooting pool. (N.T., 4-19-2017, pp. 151-152). They noticed that one of [Appellant's] friends who broke up the scuffle from a couple of days prior was also in the bar. Around 10:30 that night the brothers stepped outside for a cigarette. (N.T. 4-19-2017, pp. 152-153). While outside the bar, [Appellant] approached and an argument again ensued. (N.T., 4-19-2017, pp. 153-159, 194-198, 218-219). Despite that [Appellant] pulled out his gun[,] the quarrel seem[e]d to end. [Appellant] turned and walked up the street away from the group of men outside the bar. Kiron turned to leave to go back into the back door of the bar, however that door was locked. As Kiron attempted to enter the bar's front door[, Appellant] shot at him at least seven times, striking the decedent in the back and then twice in the chest. Before collapsing[,] the decedent returned fire. [Appellant] fled the scene. (N.T., 4-19-2017, pp. 159-163, 177-179, 199-201, 221-226). Leonard and Cornel Clinton went to their fallen brother, retrieved his gun and proceeded to run down the street in an attempt to shoot [Appellant]. (N.T., 4-20-2017, pp. 17-190, 164-169, 178-179, 186-187, 211-212). The police arrived and took Kiron Clinton to the hospital where he was pronounced [dead].

- 2 -

Although a grainy video, the argument and shooting were captured on video which was produced during the trial.

*Commonwealth v. Batchler*, 1837 EDA 2017, 2018 WL 4233565, at *1–2 (Pa. Super. Sept. 6, 2018) (unpublished memorandum), *quoting* Trial Court Opinion, filed 11/6/17, at 1–3. This Court affirmed Appellant's judgment of sentence on September 6, 2018, and our Supreme Court denied further review. *Id.*, *appeal denied*, 202 A.3d 51 (Pa. Feb. 15, 2019).

Appellant filed a *pro se* timely PCRA petition on August 12, 2019. Counsel was appointed, who filed an amended petition on July 24, 2020, raising, *inter alia*, claims of ineffective assistance of trial counsel. The Commonwealth filed a motion to dismiss, to which Appellant responded. On January 8, 2021, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant did not file a response. On February 11, 2021, the PCRA court dismissed Appellant's petition. This timely appeal followed and all Pa.R.A.P. 1925 requirements have been met.

In his appellate brief, Appellant presents the following Statement of Questions Involved:

I. Was Appellant denied his rights under the Sixth and Fourteenth Amendments of the U.S. Constitution and Article 1, sec. 9 of the Pennsylvania Constitution when trial counsel ineffectively failed to adequately cross-examine the Commonwealth's expert witness?

II. Was Appellant denied his rights under the Sixth and Fourteenth Amendments of the U.S. Constitution and Article 1, sec. 9 of the Pennsylvania Constitution when trial

counsel ineffectively failed to present testimony related to Appellant's character for peacefulness?

III. Was Appellant denied his rights under the Sixth and Fourteenth Amendments based on the cumulative impact of the above cited ineffectiveness claims?

Appellant's Brief at 3 (suggested answers omitted).

"Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Hand*, 252 A.3d 1159, 1165 (Pa. Super. 2021) (citation and quotation marks omitted). With the exception of the PCRA court's legal conclusions, our standard of review is deferential:

> We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Id.* (citation and quotation marks omitted). In addition, "a PCRA petitioner is not automatically entitled to an evidentiary hearing. Rather, the PCRA court may decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence." *Id.* (citation and quotation marks omitted).

Further, because Appellant's issues involve claims that counsel was ineffective, we note the following:

- 4 -

> Counsel is presumed to have been effective. *See Commonwealth v. Brooks*, 576 Pa. 332, 839 A.2d 245, 248 (2003). In order to overcome that presumption and prevail on a claim of ineffectiveness, Appellant must establish that: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his conduct; and (3) he was prejudiced by counsel's ineffectiveness, *i.e.* there is a reasonable probability that because of the act or omission in question, the outcome of the proceeding would have been different. *See id.* In determining whether trial counsel's actions or omissions were reasonable, the question is not whether there were other more logical courses of action he or she could have pursued; rather, the question is whether counsel's decisions had any reasonable basis. *See Commonwealth v. Chmiel*, 612 Pa. 333, 30 A.3d 1111, 1127 (2011).

*Hand*, 252 A.3d at 1166.

Appellant first maintains trial counsel was "ineffective for failing to adequately cross-examine the Commonwealth's ballistics expert in order to present opinion evidence in support of self-defense." Appellant's Brief at 7. Appellant explains that he had "argued to the jury that Kiron drew his gun first and Appellant only fired his weapon out of self-defense." *Id.* at 8. Specifically, Appellant takes issue with trial counsel's failure to ask the Commonwealth's firearms expert a hypothetical question, which he claims would have allowed the jury to find Appellant acted in self-defense:

> Assume that there are two individuals and one is armed with a fully loaded revolver[, Appellant], and the other is armed with a semi-automatic handgun which has a fully loaded magazine inserted but which does not have a round in the chamber (decedent). Isn't it true that if both individuals drew at the same time and pulled the trigger, only the revolver would fire? Isn't it true that the man drawing the semi-automatic would also have to manually rack the slide before pulling the trigger would cause the semi-automatic to fire? Thus, is it possible that the man with the semi-automatic drew - or reached for - his gun first and the man

- 5 -

with the revolver was able to fire the first shot due to the semi-automatic's need to be racked before firing?

Appellant's Brief at 9-10, *quoting* Amended PCRA Petition, 7/24/2020, at 9-10 (pagination supplied). In other words, Appellant argues that trial counsel should have asked the expert whether it was possible that Kiron drew his weapon first, but was unable to fire first because his weapon would need to be racked before a shot could be fired, while Appellant's would not.

According to Appellant, "this question was relevant and material to the jury's determination of whether the shooting was in self-defense or not" and "given the operational differences between the two weapons involved, the jury would have found that Appellant was in imminent danger of death or serious bodily injury when he fired on Kiron[,]" resulting in a not guilty verdict. Appellant's Brief at 11-12, 16. He further argues trial counsel had no reasonable basis for failing to ask this "question on cross-examination particularly given that the expert testified twice during the trial[,]" it would have "fully supported the sole defense theory: that the shooting was in self-defense[,]" and it would have rebutted the prosecutor's closing argument calling the self-defense theory "ridiculous." **Id.** at 13-15.

In its Rule 1925(a) Opinion, the trial court set forth the following analysis when considering this issue:

> The proposed hypothetical question would have had no bearing on the trial. The entire incident was on video and presented to the jury. Although of poor quality, the video shows [Appellant] firing into the back of [Kiron] as he was trying to re-enter the bar. Furthermore, Lashey Johnson testified that she was

- 6 -

inside the bar, looking outside when she saw that things were getting heated outside and observed [Kiron] attempting to re-enter the bar through the back door when [Appellant] had pulled out his gun and started shooting Kiron. (N.T. 4-19-2017, pp. 36-52). Leonard Clinton was at the scene and testified that [Kiron], his brother, was walking away when he was shot in the back by [Appellant]. (N.T. 4-19-2017, pp. 150-168). Additionally, Dr. Albert Chu, the Assistant Medical Examiner[,] testified that he performed the autopsy and found that [Kiron] suffered three gunshot wounds, one to his right buttock, one to his left forearm[,] and one to the left side of his chest that hit his heart, liver[,] and esophagus. (N.T. 4-19-2017, pp. 12-19). The pathologist was crystal clear [that] the one bullet entered his buttock and exited his hip, clearly showing [Kiron] was shot from behind, in complete compliance with the video and sworn testimony of the eyewitnesses. Accordingly, counsel cannot be deemed ineffective for failing to pursue this line of questioning.

PCRA Court Opinion filed 4/20/21, at 6-7.

Upon review, we discern no abuse of discretion in the PCRA court's decision to dismiss the petition without a hearing on this issue. A review of the trial transcript confirms the witnesses testified as stated. Even if trial counsel had asked the hypothetical question and the expert had acknowledged such a scenario were possible, it would not have changed the fact that the combination of the eyewitnesses' and medical examiner's testimony contradicted Appellant's self-defense theory. The record supports the PCRA court's conclusion that Appellant failed to show he was prejudiced by counsel's failure to question the ballistics expert about this hypothetical question. Questioning the expert in this regard does not result in a reasonable probability that the outcome of his trial would have been different. No relief is due.

Appellant next asserts counsel was "ineffective for failing to call available character witnesses who would have testified to Appellant's reputation for peacefulness." Appellant's Brief at 7. Specifically, Appellant lists four individuals whom he claims "were all willing to appear at trial and testify that they know Appellant and know that he possessed a reputation for being a peaceful individual among those who know him." *Id.* at 19.

In support of his claim, Appellant attached affidavits from these individuals and asserted that counsel knew of these witnesses because "several provided letters of support prior to sentencing in this matter." *Id.* According to Appellant, such character evidence was central to his self-defense theory to "prove that [Kiron] was the aggressor and not [] Appellant." *Id.*

> In addressing Appellant's issue, we bear in mind the following:
>
> When raising a claim of ineffectiveness for the failure to call a potential witness, a petitioner satisfies the performance and prejudice requirements of the ineffective assistance of counsel test by establishing that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

*Commonwealth v. Selenski*, 228 A.3d 8, 16 (Pa. Super. 2020) (citations, quotation marks, and brackets omitted).

The PCRA court rejected this claim, concluding that based on Appellant's colloquy at trial regarding his decision not to call character witnesses on his

behalf, he failed to demonstrate it had arguable merit. PCRA Court Opinion,

filed 4/20/21, at 7-8. More specifically, the court stated the following:

> Prior to the final ... [Commonwealth] witness taking the stand,[2] th[e trial] court colloqu[i]ed [Appellant] as to his right to testify, or not, [o]n his own behalf. (N.T. 4-20-2017, pp. 48-53). Toward the end of the colloquy[,], the following occurred:
>
> > THE COURT: And have you talked to [trial counsel] about presentation of other witnesses on your behalf?
> >
> > [APPELLANT]: Yes.
> >
> > THE COURT: Again, you don't have to do that. It's up to you to make the determination of whether or not you have any witnesses to present.
> >
> > Do you have any witnesses you want to present on your behalf in this case?
> >
> > [APPELLANT]: No.
> >
> > THE COURT: And, again, you've talked with [trial counsel] about that and you're happy with his representation on that point up until this point; is that right?
> >
> > [APPELLANT]: Yes.
>
> (N.T. 4-20-2017, p. 52).
>
> The law is clear that a claim of ineffective assistance of counsel lacks arguable merit where the trial court conducted a colloquy of the defendant regarding the decision to proffer other witnesses. **Commonwealth v. Pander**, 100 A.3d 626, 642 (Pa. Super. 2014) (citing **Commonwealth v. Rios**, 591 Pa. 583, 920

---

[2] After the Commonwealth's last witness was excused, the court called for a short break and the jurors exited the courtroom. The prosecutor then indicated that the Commonwealth would briefly recall one of its witnesses, do a stipulation, and rest. N.T., 4/20/17, at 47-48. The parties then agreed to colloquy Appellant at that point, rather than having the jurors return briefly only to have them leave again. **Id.** at 48.

A.2d 790 (2007); **Commonwealth v. Paddy**, 569 Pa. 47, 800 A.2d 294 (2002)). As such, this claim by the Appellant is without merit.

PCRA Court Opinion, filed 4/20/21, at 7-8.

Appellant acknowledges his colloquy, but argues the matter should be remanded to the trial court for a hearing to determine whether the colloquy was knowing and intelligent. Appellant's Brief at 20-22. However, Appellant fails to state with any specificity why he believes his colloquy may have been unknowing, baldly asserting that "counsel ineffectively advised Appellant that these witnesses were not needed and to respond as he did in the colloquy." Appellant's Brief at 21.

The record confirms that the trial court conducted a thorough colloquy of Appellant regarding his right to present any or no evidence in his defense, to testify or not in his own defense, and to present any or no witnesses on his behalf. N.T., 4/20/17, at 49-53. Appellant confirmed he had talked to trial counsel about his decision not to present any defense witnesses and that he was "happy with his representation on that point up." **Id.** at 52. Based on Appellant's representations in the colloquy and his failure to articulate why he thinks they may have been made unknowingly, the record supports the PCRA court's conclusion that this issue is without arguable merit.[3] We therefore

---

[3] Appellant further argues his case is analogous to **Commonwealth v. Weiss**, 606 A.2d 439 (Pa. 1992). Appellant's Brief at 22-23. **Weiss** involved collateral review of an ineffective assistance of counsel claim for failure to call character witnesses. A jury convicted Weiss of rape, statutory rape, incest,
*(Footnote Continued Next Page)*

- 10 -

discern no abuse of discretion in the PCRA court's decision to dismiss the petition without a hearing on this issue.

Finally, Appellant asserts "he was prejudiced by trial counsel's cumulative instances of ineffective assistance." Appellant's Brief at 25. According to Appellant, "[b]ut for these cumulative errors there would have been a reasonable probability that the outcome of the proceedings would have been different. Appellant would have been found not guilty by reason of self-defense." *Id.* (citations omitted). Appellant has waived this issue for failing to preserve it in his Rule 1925(b) statement. ***Commonwealth v. Harris***, 212 A.3d 64, 69-70 (Pa. Super. 2019), *citing* Pa.R.A.P. 1925(b)(4).

In light of the foregoing, we find no abuse of discretion in the PCRA court's decision to decline to hold an evidentiary hearing and to dismiss the

---

and other offenses involving his minor daughter. Appellant did not call any character witnesses at trial. Our Supreme Court noted that "[i]n a case such as this, where there are only two direct witnesses involved, credibility of the witnesses is of paramount importance, and character evidence is critical to the jury's determination of credibility. Evidence of good character is substantive, not mere makeweight evidence, and may, in and of itself, create a reasonable doubt of guilt and, thus, require a verdict of not guilty." ***Weiss***, 606 A.2d at 442. Due to "the overwhelming need for character evidence" in a sexual assault case such as the one in ***Weiss***, along with trial counsel's lack of investigation into potential character witnesses and counsel's preconceived belief that familial character evidence is "garbage," the Supreme Court concluded counsel had no reasonable basis not to call character witnesses. ***Id.*** at 443. In the instant case, ***Weiss*** is distinguishable because Appellant's case did not involve a situation with "only two direct witnesses" where credibility would be of paramount importance, but rather, involved surveillance video evidence and eyewitness and expert testimony.

petition.  ***Hand***, 252 A.3d at 1165.  Accordingly, we affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 11/09/2021