J-S24008-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KASH SNYDER | : | |
| | : | |
| Appellant | : | No. 1400 WDA 2024 |

Appeal from the PCRA Order Entered October 30, 2024
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000037-2023

BEFORE: NICHOLS, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY NICHOLS, J.:          **FILED: September 23, 2025**

Appellant Kash Snyder appeals *pro se* from the order dismissing his first Post Conviction Relief Act[1] (PCRA) petition. After review, we affirm.

By way of background, the record reflects that on May 3, 2023, Appellant entered a guilty plea to driving under the influence (DUI),[2] a second offense in ten years, which was graded as a misdemeanor of the first degree. *See* N.T., Plea Hearing, 5/3/23, at 2-4. On August 16, 2023, the trial court sentenced Appellant to thirty months of restrictive probation, twenty-two days of incarceration with work release,[3] and seventy-five days on electronically

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 75 Pa.C.S. § 3802(a)(1).

[3] The trial court awarded Appellant with twenty-two days of time credit for the time Appellant spent at an in-patient rehabilitation facility. *See* N.T., Sentencing, 8/16/23, at 2-3; Sentencing Order, 8/17/23.

monitored house arrest. ***See*** N.T., Sentencing, 8/16/23, at 2-3; Sentencing Order, 8/17/23.[4] Appellant did not pursue a direct appeal.

On August 13, 2024, Appellant filed a timely *pro se* PCRA petition, and the PCRA court appointed counsel (PCRA counsel) to represent Appellant. On September 17, 2024, PCRA counsel filed a petition to withdraw and a no-merit letter.[5] On September 27, 2024, the PCRA court filed a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's PCRA petition. On October 28, 2024, before the PCRA court dismissed Appellant's petition, Appellant filed a premature *pro se* notice of appeal. On October 30, 2024, the PCRA court filed a final order dismissing Appellant's PCRA petition and granted PCRA counsel's petition to withdraw.

On December 12, 2024, the PCRA court filed an order deeming Appellant's premature appeal as a timely appeal from the October 30, 2024 order dismissing Appellant's PCRA petition. ***See*** Order, 12/12/24. Both the PCRA court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following issues:

---

[4] On September 6, 2023, Appellant's judgment of sentence was amended to correct a clerical error. The earlier sentencing order stated the offense was a violation of 75 Pa.C.S. § 3802(c)(1), and the amended order reflected that the proper subsection was 75 Pa.C.S. § 3802(a)(1). ***Compare*** Sentencing Order, 8/17/23, ***with*** Amended Sentencing Order, 9/11/23.

[5] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

1. Did the court error in its conclusion that an uninvited intrusion is constitutional? Even when trooper admits, albeit downplays, the intrusion?

2. Did the court error in its conclusion that defense counsel was effective even though there was no strategic advantage in the decision of not making a motion to suppress exculpatory video evidence against his client's repeated requests?

3. Did the court error in its conclusion that a district attorney is not beholden to the constitutionality of an investigation in which he/she is the prosecuting attorney?

Appellant's Brief at 3.

In reviewing an order denying a PCRA petition, our standard of review is well settled:

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a de novo standard of review to the PCRA court's legal conclusions.

**Commonwealth v. Sandusky**, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

We note that Appellant's brief has significant deficiencies and fails to conform to our Rules of Appellate Procedure.[6] **See**, **e.g.**, Pa.R.A.P. 2111,

---

[6] While this Court will "liberally construe materials filed by a *pro se* appellant," a *pro se* litigant is not entitled to special treatment simply because he "lacks legal training." **Commonwealth v. Maris**, 629 A.2d 1014, 1017 n.1 (Pa. Super. 1993) (citation omitted). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." *(Footnote Continued Next Page)*

2118, 2119. Critically, Appellant has failed to provide any relevant argument in his appellate brief, and his claims of error are completely undeveloped and lack citation to relevant legal authority. *See* Pa.R.A.P. 2119(a)-(e). Because Appellant's issues are fatally undeveloped, we conclude that they are waived. *See Commonwealth v. Hand*, 252 A.3d 1159, 1166 (Pa. Super. 2021).

> [I]t is an appellant's duty to present arguments that are sufficiently developed for our review. *Commonwealth v. Gould*, 912 A.2d 869, 873 (Pa. Super. 2006). The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. *Id.*; Pa.R.A.P. 2119(a), (b), (c). Citations to authorities must articulate the principles for which they are cited. Pa.R.A.P. 2119(b). This Court will not act as counsel and will not develop arguments on behalf of an appellant. *Gould*, 912 A.2d at 873. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived. *Id.*; Pa.R.A.P. 2101.

*Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (some formatting altered).

After review, we conclude that Appellant has waived his issues on appeal due to his failure to present or develop any relevant argument in his appellate brief. *See id.* Accordingly, we affirm the PCRA court's order dismissing Appellant's PCRA petition.

Order affirmed. Jurisdiction relinquished.

---

*Commonwealth v. Adams*, 882 A.2d 496, 498 (Pa. Super. 2005) (citation omitted).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 9/23/2025