**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| IGNACIO CARTEGENA, | : | |
| Appellant | : | No. 2244 EDA 2020 |

Appeal from the PCRA Order Entered October 20, 2020
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010833-2012

BEFORE: PANELLA, P.J., KUNSELMAN, J. and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.: **FILED NOVEMBER 29, 2021**

Appellant, Ignacio Cartegena, appeals from an order entered in the Court of Common Pleas of Philadelphia County on October 20, 2020, dismissing without an evidentiary hearing Appellant's petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Appellant contends that he is entitled to relief on the basis of ineffective assistance of counsel and exculpatory after-discovered evidence. 42 Pa.C.S.A. §§ 9543(a)(2)(ii), (vi). After a careful review, we affirm.

The relevant facts and procedural history have been set forth previously by this Court as follows:

> [O]n November 23, 2011, a van pulled onto the 2200 block of West Huntingdon Street in Philadelphia. Two men (one of whom was wearing a mask) stepped out of the van. Both had firearms and began shooting. Mark Plaire ("Plaire") was on the block when the van pulled up and the shooting began. Thinking the men were

*Former Justice specially assigned to Superior Court.

firing at him, Plaire removed a .45 caliber pistol from his waistband, fired two shots in the direction of the men (whom he later identified as "Tay" and "Man-Man"), and ducked into his house. When Plaire walked back outside, he saw [Appellant]— whom he knew as "Gaby"—firing at Tay and Man-Man. [Appellant's] girlfriend, Shannon Robinson ("Robinson"), was also on the scene. [Appellant] pushed Robinson to the ground during the crossfire. [At trial, Robinson testified that Appellant possessed a gun at the scene of the November 23, 2011 shooting on West Huntingdon Street.]

Following a January 26, 2015 waiver trial, th[e trial] court found [Appellant] guilty of [carrying a firearm without a license (18 Pa.C.S.A. § 6106), person not to possess firearms (18 Pa.C.S.A. § 6105), and carrying a firearm in Philadelphia (18 Pa.C.S.A. § 6108.)] The court deferred sentencing for completion of a presentence investigation. On April 28, 2015, the court sentenced [Appellant] to an aggregate term of six to seventeen years of incarceration, followed by three years of probation. [Appellant] (through counsel) filed a post-sentence motion on May 3, 2015. The court denied the motion without a hearing on June 12, 2015.

***Commonwealth v. Cartegena***, 156 A.3d 329 (Pa. Super. 2016) (unpublished memorandum at 1-2). Appellant filed a timely direct appeal to this Court on July 8, 2015, and we affirmed the judgment of sentence on August 9, 2016. ***Id.*** Appellant did not file a petition for allowance of appeal with our Supreme Court.

On January 10, 2017, Appellant filed a timely *pro se* petition for collateral relief pursuant to the PCRA. Appointed counsel filed an amended PCRA petition on November 20, 2017, alleging ineffective assistance of

- 2 -

counsel.[1]  Specifically, the amended petition alleged that trial counsel was ineffective for failing to obtain prison telephone recordings between Appellant and Robinson and failing to call two witnesses to testify on his behalf at his bench trial.

On July 19, 2018, the Commonwealth filed a motion to dismiss the PCRA.  In response, Appellant filed a supplemental petition on April 9, 2019, withdrawing his claim addressing the prison telephone recordings and raising an additional claim of after-discovered evidence involving the misconduct of former Philadelphia Detective Phillip Nordo.[2]  The Commonwealth filed a second motion to dismiss on July 29, 2020.

_____

[1] Paul M. Dimaio, Esquire, originally appointed to represent Appellant on January 25, 2017, was permitted to withdraw as PCRA counsel on March 20, 2017.  PCRA Court Opinion, 3/9/21, at 2.  Jason C. Kadish, Esquire, was appointed to represent Appellant on April 24, 2017.  **Id.**

[2] The certified record does not indicate that Appellant sought or the PCRA court granted leave to file a supplemental petition.  **See** Pa.R.Crim.P. 905(A)(stating the PCRA court "may grant leave to amend or withdraw a petition for post-conviction collateral relief at any time.  Amendment shall be freely allowed to achieve substantial justice").  Generally, claims raised in unauthorized supplements or amendments to PCRA petitions are subject to waiver.  **Commonwealth v. Reid**, 99 A.3d 427, 437 (Pa. 2014).  However, the PCRA court can implicitly allow an informal amendment where it does not strike the filing and considers the supplemental claims prior to disposing of the petition.  **Commonwealth v. Brown**, 141 A.3d 491, 503 (Pa.Super. 2016); **see also Commonwealth v. Boyd**, 835 A.2d 812, 816 (Pa. Super. 2003) (holding that "by permitting Appellant to file a supplement, and in considering the supplement, the PCRA court effectively allowed Appellant to amend his petition to include those issues presented in the supplement").

Here, although the PCRA court did not formally grant Appellant leave to supplement, the PCRA court did not strike the filing and considered Appellant's claim of after-discovered evidence prior to dismissing Appellant's petition

*(Footnote Continued Next Page)*

On September 9, 2020, the trial court provided Appellant notice of intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. Rule 907. The trial court dismissed Appellant's petition on October 20, 2020. Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant contends that the trial court erred in failing to hold an evidentiary hearing upon the issues presented in his petition. Appellant's Brief at 5. Specifically, Appellant alleges that (1) counsel was ineffective for failing to call two witnesses and (2) after-discovered evidence relating to a former detective's criminal misconduct calls into question the credibility of a trial witness's statement to that detective. Appellant's Brief at 10.

"Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Hand*, 252 A.3d 1159, 1165 (Pa. Super. 2021) (citation and quotation marks omitted). With the exception of the PCRA court's legal conclusions, our standard of review is deferential:

---

without a hearing. Rule 907 Notice, 9/9/20. Moreover, in its Rule 1925(a) opinion, the PCRA court addressed the merits of the claim raised in the supplemental petition. PCRA Court Opinion, 3/9/21, at 7-10. Thus, we conclude that the PCRA court implicitly accepted the supplemental petition, effectively allowing Appellant to amend his petition, and we consider the merits of this claim.

> We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Id.* (citation and quotation marks omitted). In addition, "a PCRA petitioner is not automatically entitled to an evidentiary hearing. Rather, the PCRA court may decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence." *Id.* (citation and quotation marks omitted).

Appellant first argues that trial counsel was ineffective for failing to call Wendy[3] and Yolanda Dreher[4] as witnesses at trial. According to Appellant, Wendy would have provided testimony impeaching Robinson's testimony that Appellant possessed a gun and evidencing Robinson's bias and motive to lie, and Yolanda would have testified that Appellant did not possess a firearm during the incident in question. Appellant's Brief at 11-14.

It is well-established that counsel is presumed effective. *Commonwealth v. Ali*, 10 A.3d 282, 291 (Pa. 2010). To be eligible for relief under the PCRA based upon ineffective assistance of counsel, the petitioner

---

[3] Appellant does not indicate Wendy's last name.

[4] We refer to her as Yolanda because another witness had the same last name.

- 5 -

must plead and prove by a preponderance of evidence that ineffective assistance of counsel "so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

> To be entitled to relief on an ineffectiveness claim, a PCRA petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) he suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability the result of the proceeding would have been different. *Commonwealth v. Chmiel*, 612 Pa. 333, 30 A.3d 1111, 1127 (2011) (employing ineffective assistance of counsel test from *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 975-76 (1987)).[5]
>
> _____
>
> > 5 *Pierce* reiterates the preexisting three-prong test for ineffective assistance of counsel in Pennsylvania and holds it to be consistent with the two-prong performance and prejudice test in *Strickland v. Washington*, 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Pierce*, at 976-77.

*Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015). Because all three elements of the ineffective-assistance-of-counsel test under *Pierce* must be established to be entitled to relief, if a claim fails under any of the enumerated prongs, the claim may be dismissed on that basis alone without addressing whether the remaining two prongs have been met. *Commonwealth v. Baker*, 880 A.2d 645, 656 (Pa. Super. 2005).

Failure to call a witness is not ineffective assistance of counsel *per se*. *Commonwealth v. Cox*, 983 A.2d 666, 693 (Pa. 2009) (citation omitted). The

petitioner must prove the following, in addition to meeting the above ineffectiveness prongs, in order to prove that trial counsel was ineffective for failing to call a witness:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew or should have known of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the witness's testimony was so prejudicial as to have denied him a fair trial.

*Commonwealth v. Walls*, 993 A.2d 289, 302 (Pa. Super. 2010).

With respect to Wendy, Appellant argues that if called as a witness, she would have testified that "she spoke with [] Robinson, who indicated that she had Appellant 'locked up' for possessing a gun because Appellant had been unfaithful to Robinson during their romantic relationship."  Appellant's Brief at 11.  The PCRA court found Wendy's testimony constituted double hearsay and because Appellant failed to identify any applicable hearsay exceptions, the testimony would have been inadmissible.  PCRA Court Opinion, 3/9/21, at 5.

Accordingly, we begin by examining whether the PCRA court correctly determined this claim lacked merit.  Whether evidence is admissible at trial is within the sound discretion of the trial court, and this Court will not disturb a trial court's decision absent an abuse of discretion.  *Commonwealth v. Chmiel*, 738 A.2d 406, 414 (Pa. 1999).  Hearsay is an out-of-court statement a party offers into evidence to prove the truth of the matter asserted.  Pa.R.E. 801(c).  Hearsay is not admissible unless an exception applies.  Pa.R.E. 802.  An out-of-court statement containing another out-of-court declaration is defined as double hearsay.  *Chmiel*, 738 A.2d at 417.  "In order for double

hearsay to be admissible, the reliability and trustworthiness of each declarant must be independently established. This requirement is satisfied when each statement comes within an exception to the hearsay rule." ***Commonwealth v. Laich***, 777 A.2d 1057, 1060 (Pa. 2001) (citation omitted).

Upon review of the record, we conclude Wendy's proffered testimony constitutes hearsay and would have been inadmissible at trial. Appellant seeks to relay Robinson's out-of-court statement through Wendy's out-of-court statement to prove the truth of the matter asserted, *i.e.*, that Appellant did not possess a firearm. This statement falls squarely within the definition of double hearsay and would have been inadmissible at trial unless each statement fell within an exception to the hearsay rule.

Appellant argues that Wendy's statement is subject to a hearsay exception and admissible as a prior inconsistent statement. "A witness may be examined concerning a prior inconsistent statement made by the witness to impeach the witness's credibility." Pa.R.E. 613(a). While a prior inconsistent statement may be admissible as an exception to the hearsay rule, Appellant does not proffer that Wendy could establish that Robinson uttered a statement that was inconsistent with Robinson's testimony at trial. Appellant does not argue that Robinson told Wendy that she testified falsely or that she never saw Appellant with firearm. Appellant simply contends Robinson was biased against him and had a motive to lie because Appellant was unfaithful. Thus, this exception does not apply.

Appellant further argues that Robinson's statement to Wendy is subject to a hearsay exception under Pa.R.E. 804(b)(3) as a statement against interest. At the time of Appellant's bench trial, Pa.R.E. 804 provided, in pertinent part, that the following statements are not excluded by the hearsay rule:

> **(b) The Exceptions.** The following statements, as hereinafter defined, are not excluded by the hearsay rule if the declarant is unavailable as a witness:
>
> * * *
>
> (3) *Statement against interest.* A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. In a criminal case, a statement tending to expose the declarant to criminal liability is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

Pa.R.E. 804(b)(3).[5] This exception requires not only that the statement be against the declarant's interest, "but also that there be corroborating circumstances clearly indicative of its trustworthiness, and that the declarant be unavailable." ***Commonwealth v. Spotz***, 38 A.3d 244, 274 (Pa. 2011).

---

[5] Pa.R.E. 804 was amended March 1, 2017, effective April 1, 2017. Because an ineffective assistance of counsel claim is to be analyzed based upon the law as it existed at the time of representation, we confine our analysis to Rule 804(b)(3) as it existed prior to April 1, 2017. ***Commonwealth v. Fowler***, 703 A.2d 1027 (Pa. 1997).

This exception is not applicable in this matter because the declarant, Robinson, was available and in fact testified at trial. It is unnecessary to reach the question of trustworthiness of Robinson's statement because Robinson was available as a witness and "regardless of how many indicia of reliability were or were not extant, the statement was not admissible under the hearsay exception for statements against interest." **Spotz**, 38 A.3d at 274, n.15 (holding the trial court did not err in refusing to apply the hearsay exception for statements against interest where declarant was present in the courtroom during trial and was not declared unavailable).

Therefore, because Appellant failed to prove that each statement in Wendy's proposed testimony falls within an exception to the hearsay rule, counsel cannot be deemed ineffective for failing to call a witness whose testimony would be inadmissible. **See Commonwealth v. Stahley**, 201 A.3d 200, 211 (Pa. Super. 2018) ("Counsel cannot be found ineffective for failing to pursue a baseless claim."). Accordingly, this claim is without arguable merit and the PCRA court did not abuse its discretion in dismissing it without a hearing.

Appellant further claims trial counsel was ineffective for failing to call Yolanda as a witness. According to Appellant, Yolanda would have testified that "she was an eyewitness and Appellant did not possess a gun during the incident." Appellant's Brief at 13. The PCRA court found that Appellant was not prejudiced by trial counsel's failure to call Yolanda as a witness because

her testimony would have been cumulative of other testimony. PCRA Court Opinion, 3/9/21, at 6-7.

Specifically, Melvin Dreher[6] testified that he heard the shooting that took place on November 23, 2011. N.T. 1/26/15, at 56. When Melvin looked outside, he saw Appellant, in front of his son's house two doors away, and Appellant did not have a firearm. *Id.* Melvin then permitted Appellant and two females to enter his home and he did not observe Appellant with a firearm at that time. *Id.* at 57. Finally, Appellant testified that he did not have a firearm on the night of November 23, 2011. *Id.* at 60.

Relevant evidence can be excluded where the probative value is outweighed by "needlessly presenting cumulative evidence." Pa.R.E. 403. Cumulative evidence is "additional evidence of the same character as existing evidence and that supports a fact established by the existing evidence." *Commonwealth v. Flamer*, 53 A.3d 82, 88 n.6 (Pa. Super. 2012) (citation omitted). Counsel will not be found ineffective for failing to call a witness whose testimony would be cumulative. *Commonwealth v. Meadows*, 787 A.2d 312, 320 (Pa. 2001).

Appellant maintains that the PCRA court erred in finding Yolanda's testimony was cumulative of other evidence, especially in light of Wendy's proffered testimony that would have impeached the testimony of Robinson,

_____

[6] We refer to him as Melvin because another witness had the same last name.

- 11 -

the only witness who testified that Appellant possessed a firearm. Appellant's Brief at 13. Appellant concludes that Yolanda's testimony speaks directly to the only material issue in the case: whether Appellant possessed a firearm. We disagree.

As explained *supra*, Wendy's proffered testimony would have constituted hearsay and would have been inadmissible. Without it, the trial court had no basis to find Robinson's testimony that Appellant possessed a firearm incredible. Additionally, Yolanda's testimony would be cumulative of both Melvin's and Appellant's testimony, would not add any additional evidence, and would simply repeat their contention that Appellant did not possess a firearm. *See* PCRA Court Opinion, 3/9/21, at 7. Finally, contrary to Appellant's assertion, Robinson was not the only witness who testified that Appellant possessed a firearm. Plaire testified during trial that he saw Appellant firing a gun. N.T., 1/26/15, at 21, 25.

Because Yolanda's testimony would be cumulative, we discern no error in the PCRA court's conclusion denying Appellant's claim of ineffective assistance of counsel for failure to call a witness. *See Meadows*, 787 A.2d at 320. Accordingly, Appellant failed to establish prejudice and the PCRA court properly dismissed Appellant's claim without a hearing. *See Hand*, 252 A.3d at 1165.

Finally, Appellant alleges he is entitled to relief under 42 Pa.C.S.A. § 9543(a)(2)(vi) on the basis of the after-discovered evidence that criminal

charges were filed against former Philadelphia Police Detective Phillip Nordo in 2019 relating to criminal misconduct in criminal cases in which he was involved. Specifically, Appellant argues that Detective Nordo's pattern of criminal misconduct in other criminal cases, including mistreatment of witnesses, procurement of false statements and tampering with evidence, calls into question the credibility of Plaire's statement that he observed Appellant with a firearm. Appellant's Brief at 14-16.

Plaire was interviewed by Detective Nordo and Detective Thomas Gaul on June 4, 2012, regarding the shooting that occurred November 23, 2011. N.T. 1/26/15, at 12. Plaire provided a written statement to the detectives that he observed Appellant with a firearm on the date of the incident in question. *Id.* During trial, Plaire recanted the statements he gave to detectives that he had observed Appellant with a firearm and accused detectives of failing to give him food or drink for two days while he was in custody prior to giving his statement. N.T. 1/26/15, at 16; *see also id.* at 11-12, 18-19, 24-25, 33-35. Appellant made the following averments, in relevant part, in his supplemental petition filed April 9, 2019:

> 13. Petitioner avers that the trial transcript demonstrates that Philadelphia Police Detective Phillip Nordo was one of two detectives that interrogated witness Mark Plaire.
>
> 14. Mark Plaire's purported statement to Detectives Nordo & Gaul was put before this Honorable Court as substantive evidence.
>
> 15. This statement was vitally important to accurately adjudicating the instant case.

16. Mark Plaire's testimony at trial was inconsistent with his purported statement to detectives. At trial, and while enjoying full immunity, Mark Plaire testified that he did not see Petitioner possessing or using a gun. Further, Mark Plaire testified that he did not place some of the signatures/initials on the document that the Commonwealth purported to be his statement. Finally, the purported statement of Mark Plaire was not videotaped and was presented as a document only.

17. Mark Plaire testified before this Honorable Court that he was not given anything to eat or drink by Detective Nordo or his colleagues for the two days he was in custody at the time of his purported statement.

18. Since the trial, evidence regarding Detective Nordo's criminal conduct has come to light.

* * *

21. Detective Nordo is now facing criminal charges in Philadelphia County docketed at CP-51-CR-1856-2019.

22. Detective Nordo's pattern of criminal misconduct has undermined the integrity of his investigations to such an extent that no reliable adjudication of guilt or innocence could have taken place.

Supplemental Petition, 4/9/19, at 2-3.

Appellant attached two newspaper articles about Detective Nordo and a "disclosure packet" provided by the Philadelphia District Attorney's office in support of this claim. Supplemental Petition, 4/9/19, at Exhs, A, B. The PCRA court dismissed this claim based upon Appellant's failure to prove prejudice stating, "because evidence of former Detective Nordo's alleged misconduct in unrelated cases would not compel a different verdict in this case, [Appellant's] claim must fail." PCRA Court Opinion, 3/9/21, at 10.

In order to be entitled to relief under this section of the PCRA, the petitioner must plead and prove by a preponderance of the evidence, "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced."  42 Pa.C.S.A. § 9543(a)(2)(vi).

> To obtain relief based on after-discovered evidence, [an] appellant must demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted. ***Commonwealth v. Pagan***, 597 Pa. 106, 950 A.2d 270, 292 (2008) (citations omitted).  "The test is conjunctive; the [appellant] must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted." ***Commonwealth v. Padillas***, 997 A.2d 356, 363 (Pa.Super. 2010) (citation omitted). Further, when reviewing the decision to grant or deny a new trial on the basis of after-discovered evidence, an appellate court is to determine whether the PCRA court committed an abuse of discretion or error of law that controlled the outcome of the case. ***Commonwealth v Reese***, 444 Pa.Super. 38, 663 A.2d 206 (1995).

***Commonwealth v. Foreman***, 55 A.3d 532, 537 (Pa. Super. 2012).

In ***Foreman***, Foreman argued he was entitled to relief under the PCRA based upon a claim of after-discovered evidence.  In 2011, nearly two years after Foreman's conviction, the detective who testified at Foreman's suppression hearing and trial was charged with various crimes involving perjury, false swearing in official matters, and obstructing administration of government functions.  ***Foreman***, 55 A.3d at 535.  Foreman argued that his suppression motion was denied, and he was found guilty of firearms charges

based largely upon the testimony of this detective, and if the suppression court or jury knew the detective was charged with these crimes, he may have been acquitted. *Id.* at 536.

This Court concluded that the record supported the PCRA court's decision that Foreman failed to meet the after-discovered evidence test because the evidence would be used solely to impeach the credibility of a witness; the testimony offered by the detective at the suppression hearing and at trial was corroborated by other evidence; and there was no nexus between the detective's criminal charges filed in 2011 and his conduct in Foreman's jury trial in 2008 and non-jury trial in 2009. *Id.*

> Appellant argues in his brief that
>
> Nordo's pattern of criminal misconduct has so undermined the integrity of his investigations that Plaire's testimony regarding his mistreatment prior to providing a statement, along with his denial of the authenticity of some of the initials and signatures placed on the statement, compel an examination of Nordo's involvement in procuring this piece of evidence. The former detective's pattern of alleged misconduct in dealing with witnesses calls into question the trial court's conclusion that Plaire's testimony regarding his mistreatment and failure to sign/initial the statement was incredible.

Appellant's Brief at 15-16 (footnote omitted). As in *Foreman*, it is clear from his argument that Appellant seeks to use Detective Nordo's criminal conduct solely to impeach the credibility of Plaire's statement to the detectives. Therefore, Appellant has failed to satisfy the third requirement of the after-discovered evidence test. *Foreman*, 255 A.3d at 537.

Appellant has also failed to establish the fourth prong of the test that this after-discovered evidence would likely lead to a different verdict. Appellant fails to acknowledge that Detective Nordo did not testify at trial. Although Detective Nordo was one of two detectives present when Plaire gave his statement, it was Detective Gaul who took the statement from Plaire and testified at trial regarding the procedures he used when he interviewed Plaire. N.T. 1/26/12, at 48-49. Detective Gaul identified Plaire's signature on the statement and the photos. *Id.* Detective Gaul testified that it was Plaire who wrote "shooting" at the top of the photo of Appellant and signed it. *Id.* at 51. Detective Gaul further testified that Plaire signed a form declining to allow his statement to be video recorded. *Id.* at 52.

Furthermore, contrary to Appellant's argument, Plaire was not the only witness who testified that Appellant was involved in the shooting. Robinson testified that she saw Appellant with a firearm during the shooting, thereby corroborating Plaire's testimony. *Id.* at 39.

Finally, as the PCRA court noted in its opinion, it had previously considered the inconsistencies in Plaire's statement during Appellant's bench trial and concluded that Plaire "'was feigning a failed memory to avoid testifying against [Appellant].'" PCRA Court Opinion, 3/9/21, at 9, *quoting* Trial Court Opinion, 11/30/15, at 4.

> Plaire testified consistently with his June 4, 2012 statement as to where and when the shooting took place and as to Tay's and Man-Man's involvement. N.T., Jan. 26, 2015, at p. 20-22. The court

- 17 -

found incredible that the only "detail" Plaire could not remember was [Appellant's] involvement or even [Appellant's] name). *Id.* at 22.

*Id.* at 9-10.

Because Appellant failed to show any connection between this case and Detective Nordo's alleged criminal misconduct in unrelated matters that occurred years after Appellant was tried and convicted, Appellant's assertion that Detective Nordo committed criminal misconduct in this matter is pure speculation and would not likely compel a different verdict. *See Foreman*, 55 A.3d at 537-38. Therefore, Appellant failed to establish two of the four prongs of the after-discovered evidence test and we discern no abuse of discretion in the PCRA court's decision to dismiss Appellant's petition without a hearing.

Based on the foregoing reasons, we affirm the PCRA court's dismissal of Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/29/2021