J-A18013-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTRON TALLEY | : | |
| | : | |
| Appellant | : | No. 256 WDA 2021 |

Appeal from the PCRA Order Entered February 17, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0001397-2014

BEFORE: OLSON, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.: **FILED: NOVEMBER 30, 2021**

Appellant, Antron Talley, appeals *pro se* from the order entered on February 17, 2021, which denied his first petition filed under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The facts and procedural history of Appellant's case are as follows. On April 18, 2017, a jury found Appellant guilty of assault by prisoner, two counts of aggravated assault, and one count of simple assault[1] stemming from a December 19, 2013 incident in which Appellant, an inmate, attacked Jason Arlotta, a correctional officer at the Allegheny County Jail ("ACJ"). Trial Court Opinion, 9/20/17, at 1 and 4. Appellant represented himself at trial. ***Id.*** at

---

[1] 18 Pa.C.S.A. §§ 2703(a), 2702(a)(2), 2702(a)(3), and 2701(a)(1), respectively.

1. On May 24, 2017, the trial court sentenced Appellant to an aggregate term of eight to 16 years of imprisonment with credit for time served, followed by an eight-year probationary sentence. *Id.* at 1-2. After the trial court denied Appellant's post-sentence motions, Appellant filed a timely appeal. *Id.* at 2. This Court affirmed Appellant's judgment of sentence on July 9, 2018. *See Commonwealth v. Talley*, 2018 WL 3341922 (Pa. Super. 2018) (unpublished decision).

On October 12, 2018, Appellant filed a timely *pro se* PCRA petition, his first. He subsequently filed a *pro se* amended PCRA petition on January 18, 2019,[2] and supplemental amendments on February 13, 2019, June 27, 2019, August 9, 2019, March 2, 2020, and July 7, 2020. *See* PCRA Court Opinion, 2/17/21, at 1. The PCRA court granted Appellant leave to represent himself on February 1, 2019. *See* PCRA Court Order, 2/1/19. Within his amended PCRA petition and supplements thereto, Appellant raised a plethora of

_____

[2] After Appellant filed his initial PCRA petition, the PCRA court appointed Scott Coffey, Esquire, to represent Appellant in PCRA proceedings. *See* Trial Court Order, 10/30/18. Appellant thereafter filed a *pro se* motion to waive counsel on December 18, 2018. In addition, Appellant filed a *pro se* amended PCRA petition on January 18, 2019, while still represented by counsel. *See* Trial Court Docket Entries, 12/18/18 and 1/18/19. Despite our prohibition against hybrid representation, our caselaw provides an exception in the case of *pro se* filings requesting appointment of new counsel or leave to self-represent. *See Commonwealth v. Williams*, 151 A.3d 621, 623 (Pa. Super. 2016). Therefore, the PCRA court properly considered Appellant's *pro se* motion to waive counsel. Moreover, because the PCRA court granted Appellant's motion on February 1, 2019 – before it adjudicated his claims for collateral relief raised in the January 18, 2019 petition – we shall refrain from treating the January 2019 amended petition as a legal nullity.

unrefined allegations. In scheduling an evidentiary hearing, the PCRA court

narrowed the focus of Appellant's claims:

> Following a discussion with the parties on September 19, 2019, the court issued an [o]rder on September 20, 2019, limiting the scope of the PCRA [h]earing to the [Appellant's] claim of after-discovered evidence and his claims alleging ineffective assistance of counsel ("IAC") only as the IAC claims related to his assertion of a violation of his right to a speedy trial.

PCRA Court Opinion, 2/17/21, at 2 (footnote omitted). The PCRA court further

clarified:

> With respect to the IAC claims, the [Appellant] contends that he received ineffective assistance from each of his trial attorneys due to the number of postponements that they had requested, which he argues resulted in a violation of his speedy trial rights under Pa.R.Crim.P. 600. Relatedly, the [Appellant] alleged that his appellate counsel provided ineffective assistance when she opted to abandon the speedy trial issue in her appellate brief before [this Court] following the issuance of the [trial court's 1925(a) opinion filed on September 20, 2017].
>
> With respect to the [Appellant's] after-discovered evidence claim, the [Appellant] contends that two (2) of his fellow inmates at [ACJ] witnessed the incident that led to his criminal charges and conviction and that their testimony would establish that the assault did not unfold in the manner testified to by the victim at trial. A PCRA [h]earing on these claims was held on November 17, 2020.

*Id.* at 2-3 (citations to the record and footnote omitted).

At several points throughout the PCRA proceedings, Appellant moved, either in written or oral form, for the PCRA Court, the Honorable Judge Beth A. Lazzara, to recuse herself. *See* Petitions for Recusal filed 8/29/19 and 9/30/19; N.T. Hearing, 9/19/19, at 11, 14-15. The PCRA court denied Appellant's motions. At the conclusion of an evidentiary hearing on November

17, 2020, the PCRA court expressly permitted Appellant and the Commonwealth to submit post-hearing memoranda. PCRA Court Opinion, 2/17/21, at 1. On February 17, 2021, the PCRA court denied, by opinion and order, Appellant's PCRA petition. *Id.* This appeal followed.[3]

Appellant, proceeding *pro se*,[4] raises 26 issues before this Court. *See* Appellant's Brief at 6-9. Appellant takes issue with the PCRA court's denial of

---

[3] Appellant filed a timely *pro se* notice of appeal on February 22, 2021 and subsequently, on March 1, 2021, filed an unsolicited concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On April 14, 2021, the PCRA court entered an order pursuant to Pa.R.A.P. 1925(b) and allowed Appellant time to file amendments to his March 1, 2021 concise statement. Appellant timely filed his amended concise statement on April 19, 2021. Within his two concise statements, Appellant raised "a total of 31 allegations of error on appeal relating to the denial of his PCRA petition." PCRA Court Opinion, 4/28/21, at 1. The PCRA Court issued an order on April 28, 2021 adopting its February 17, 2021 opinion as its 1925(a) opinion.

[4] On March 31, 2021, this Court issued a *per curiam* order directing the PCRA court to confirm that it conducted a *Grazier* hearing to determine if Appellant's requests to proceed *pro se* were knowing, voluntary, and intelligent. *See Per Curiam* Order, 3/31/21. The PCRA court filed a response with this Court on April 16, 2021, wherein it included a copy of the transcripts of Appellant's January 31, 2019 *Grazier* hearing. *See* PCRA Court Response, 4/16/21. Moreover, the PCRA court issued an order on March 15, 2021, directing Appellant to confirm in writing whether he intends to continue to represent himself in the present appeal. On March 25, 2021, Appellant responded in the affirmative. The PCRA court noted its understanding that Appellant "has been adamant about representing himself for years" at both the state and federal levels. *Id.* It concluded:

> In light of the clear waiver colloquy that was executed at the *Grazier* [h]earing on January 31, 2019, [Appellant's] recent stated intent to continue his *pro se* representation, and [the PCRA] court's familiarity with [Appellant] over the last several years, the [PCRA] court is confident that [Appellant] wishes to continue

*(Footnote Continued Next Page)*

- 4 -

his motion to recuse. *Id.* at 9. He further contests the PCRA court's rejection of his ineffective assistance of trial and direct appellate counsel claims as they relate to an underlying violation of his right to a speedy trial and its rejection of his after-discovered evidence claim. *Id.* at 6-8. We will review these issues in succession. Appellant's remaining claims, numbers 11-20, 24, and 26, *see id.* at 7-9,[5] are waived as each involve freestanding allegations of trial court error that Appellant raised or could have raised before trial, at trial, or on appeal. *See* 42 Pa.C.S.A. § 9544(b) ("an issue is waived [for purposes of PCRA relief] if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal, or in a prior state postconviction proceeding"). Consequently, Appellant is not entitled to relief on these claims and we will not discuss them further. *See* 42 Pa.C.S.A. § 9543(a)(3) (PCRA petitioner has burden to prove allegation of error has not

_____

representing himself in this appeal, that he fully understands all the rights and risks attendant to self-representation, and that no further waiver colloquy is necessary.

*Id.* Based on our review of the certified record, including the notes of testimony from Appellant's *Grazier* hearing, the PCRA court's order, Appellant's response, and the PCRA court's explanation to this Court, we are satisfied that Appellant knowingly, voluntarily, and intelligently waived his right to counsel in order to represent himself *pro se* throughout his PCRA proceedings before both the PCRA court and this Court.

[5] Appellant takes issue with the trial court's actions in granting continuances in his absence, amending Appellant's charges, allegedly participating in plea negotiations, and otherwise allegedly violating his self-representation and speedy trial rights. *See* Appellant's Brief at 7-9.

- 5 -

been waived); *see also Commonwealth v. Keaton*, 45 A.3d 1050, 1060 (Pa. 2012) (claims that could have been raised at trial or on direct appeal are waived). Thus, we turn to Appellant's three reviewable claims on appeal.

We review an order denying collateral relief to determine "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Hickman*, 799 A.2d 136, 140 (Pa. Super. 2002) (citation omitted). In contrast, we review the PCRA court's legal conclusions *de novo*. *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*), *appeal denied*, 101 A.3d 785 (Pa. 2014).

A petitioner is eligible for relief under the PCRA if the petitioner pleads and proves by a preponderance of the evidence, *inter alia*, that his or her conviction or sentence resulted from one or more of the following:

> (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

(v) Deleted.

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S.A. § 9543(a)(2)(i-viii).

Regarding recusal, our Supreme Court has stated:

A party that seeks recusal of a judge bears the burden to produce evidence establishing bias, prejudice or unfairness which raises a substantial doubt as to the jurist's ability to preside impartially. [An appellate court] reviews a jurist's denial of a motion to recuse for abuse of discretion. In addition, [our Supreme Court has] concluded that, in general, it is preferable for the judge who presided at trial to preside over any post-conviction proceedings because his or her familiarity with the case will likely assist the proper administration of justice.

*Commonwealth v. Hutchinson*, 25 A.3d 277, 319 (Pa. 2011) (internal citations and quotations omitted). We have further clarified our standard of review:

[O]ur review of a trial court's denial of a motion to recuse is exceptionally deferential. We extend extreme deference to a trial

- 7 -

court's decision not to recuse. We recognize that our trial judges are honorable, fair[,] and competent, and[,] although we employ an abuse of discretion standard, we do so recognizing that the judge himself [or herself] is best qualified to gauge his [or her] ability to preside impartially. Hence, a trial judge should grant to motion to recuse only if a doubt exists as to his or her ability to preside impartially or if impartiality can be reasonably questioned.

*Interest of D.R.*, 216 A.3d 286, 292 (Pa. Super. 2019), *aff'd*, 232 A.3d 547 (Pa. 2020) (citation omitted).

Here, Appellant contends that Judge Lazzara "held [a] resentment, or harbored some type of ill-will or bias toward the Appellant" because he filed a complaint with the Judicial Conduct Board and "informed the federal court[] of her actions in a habeas corpus [action.]" Appellant's Brief at 22. In so arguing, Appellant fails to produce evidence establishing bias, prejudice, or unfairness on the part of the PCRA court judge that would raise a substantial doubt as to the jurist's ability to preside impartially. Moreover, most instances which Appellant cites as examples of Judge Lazzara's alleged ill-will or bias occurred within the context of Appellant's original trial proceedings. Thus, they do not support a recusal requested years later within his PCRA proceedings. *See Lomas v. Kravitz*, 170 A.3d 380, 390 (Pa. 2017) ("[i]in this Commonwealth, a party must seek recusal of a jurist at the earliest possible moment, *i.e.*, when the party knows of the facts that form the basis for a motion to recuse. If the party fails to present a motion to recuse at that time, then the party's recusal issue is time-barred and waived."). Plainly, Appellant simply disagrees with, and is dissatisfied with, the disposition of his

various motions and the outcome of his original trial and his collateral relief proceedings. Therefore, Appellant's recusal claim is without merit.

Finally, we conclude that the remaining reviewable claims presented on appeal, *to wit* trial and appellate counsel's alleged ineffectiveness and after-discovered evidence, lack merit. We have carefully reviewed the certified record, the submissions of the parties, and the Rule 1925(a) opinion issued by the PCRA court. Based upon our review, we conclude that the PCRA court adequately and accurately examined the remaining two claims raised in this appeal and that Appellant is not entitled to relief for the reasons expressed in the PCRA court's opinion.[6] Accordingly, we adopt the PCRA court's opinion as our own. The parties are directed to attach a copy of the PCRA court's opinion to all future filings pertaining to the disposition of this appeal.

Order affirmed. Jurisdiction relinquished.

---

[6] We add only that the PCRA court did not abuse its discretion in denying the instant petition without convening an evidentiary hearing to address **all** of Appellant's claims; rather, it correctly limited the scope of the evidentiary hearing to the two cognizable and non-waived issues that called for adjudication upon a fully developed record. ***See Commonwealth v. Hand***, 252 A.3d 1159, 1165 (Pa. Super. 2021) (PCRA court may exercise its discretion and decline to conduct a hearing where collateral claims lack merit and enjoy no record support).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/30/2021</u>