J-S36041-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                           :           PENNSYLVANIA
                           :
           v.                  :
                           :
                           :
ANTONIO H. CILINO               :
                           :
           Appellant        :    No. 708 EDA 2021

Appeal from the PCRA Order Entered March 10, 2021
In the Court of Common Pleas of Wayne County Criminal Division at
No(s): CP-64-CR-0000383-2016

BEFORE:    LAZARUS, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                **FILED APRIL 20, 2022**

Antonio H. Cilino (Appellant) appeals from the order of the Court of
Common Pleas of Wayne County that dismissed his first petition filed under
the Post Conviction Relief Act (PCRA).[1] He raises ineffective assistance of
counsel claims. Upon review, we affirm.

We adopt the following summary of facts set forth in our prior disposition
of Appellant's direct appeal:

> For approximately six years leading up to the murder at issue,
> Appellant and Brooke Swingle were romantically involved and had
> one child together. They broke up in July of 2016. Shortly
> thereafter, the victim, Appellant's older brother Joseph Cilino
> ("Joseph"), became romantically involved with Swingle. During
> the summer of 2016, Appellant issued several threats against
> Swingle and Joseph. On one occasion, a witness overheard

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

Appellant saying, "Can you believe that fucking bitch? She took the kid and left me. She took the kid and she left. I hate that fucking cunt. I'm going to kill her and whoever she's with. I don't care who it is I have no fear." On four or five occasions, he said he could kill Joseph and Swingle and get away with it. In a text message to a friend, Appellant said he would kill Joseph. Swingle, fearful of Appellant's behavior, obtained a temporary Protection from Abuse ("PFA") order against him on August 8, 2016 and a final order on August 12, 2016. Appellant was forbidden any contact with Swingle, other than to exchange custody of their young son, and he was forbidden to possess a firearm.

On the evening of September 2, 2016, Appellant and Swingle completed a custody exchange of their son, [D.C.], who was just shy of his second birthday, at a local McDonald's. Appellant was angry during the exchange, and told Swingle if he could not have her no one could. Subsequently, Swingle picked up Joseph, who asked her to take him to a gas station. On their way, they observed Appellant's pickup truck. In hope of avoiding Appellant, Swingle turned onto what she believed was a road but was actually a private driveway.

According to Swingle, she parked her car alongside the driveway and turned the headlights off, and Joseph went into the woods. [D.C.] remained in the car with Swingle. Appellant followed Swingle's vehicle, parked behind her, and approached the driver's side door. Appellant attempted to reach through the window, which was a few inches open, and he was tapping on the window with an object in his right hand. Joseph then reappeared from the woods, and Appellant turned and shot him with a .22 caliber pistol. Swingle saw the gun at that point. She heard Joseph say, "You shot me." An altercation ensued between Appellant and Joseph, during which Joseph told Swingle to flee. She executed several K-turns, drove away, and contacted police. Swingle was sure the shooting preceded the altercation. Later that evening, Swingle received a cell phone call from a number she did not recognize. She recognized Appellant's voice, and he said[,] "How is my brother, did I do a good job?" Police found Joseph's body on the porch of the residence at the end of the private driveway.

According to Appellant, he was surprised by the location where he observed Swingle's vehicle after the custody exchange. He decided to follow her because he knew his son was with her. Appellant also believed he saw a passenger in the vehicle.

Appellant followed Swingle, parked behind her in the private driveway and saw his brother leave the vehicle and run into the woods. Appellant approached the vehicle and knocked on the driver's window, which was fully tinted. Appellant denied tapping the window with his gun, but he admitted bringing a gun with him. Appellant claimed the gun was to protect himself from Joseph, "cause one minute my brother would be fine next minute he would go insane." Appellant testified that he twice asked Swingle, "What the hell is going on?[,]" but she did not respond. Appellant then heard footsteps approaching from behind, and a person grabbed him, lifted him, and spun him to the ground. Appellant pulled the gun but did not have time to fire it. During the ensuing altercation, Joseph got on top of Appellant and repeatedly slammed his head into the ground. Joseph was reaching for the gun during the altercation, and eventually it went off. Appellant denied pulling the trigger. At some point Joseph sat up and asked Swingle to call 911. Swingle drove away, Joseph looked at Appellant and asked, "Where the fuck is she going?[,]" and Appellant said he did not know. Appellant then ran to his truck and left. Appellant claimed he did not know Joseph sustained a bullet wound until he was at the police station and heard mention of a coroner.

The Commonwealth's evidence indicated that the bullet entered Joseph's chest at a downward angle, and that it was fired from a distance; the end of the gun barrel was not in close proximity to Joseph when it was fired. Joseph died from blood loss because the bullet nicked his lung, but[,] because it was a small caliber bullet[,] a "substantial period of time" elapsed between the gunshot wound and Joseph's death. Joseph would have been capable of fighting his brother after sustaining the gunshot wound.

Appellant turned himself in later that evening, telling police that he got into a fight with his brother and shot him. Specifically, Appellant told the officer he heard his brother approaching behind and "swung around and fired the weapon."

*Commonwealth v. Cilino*, 2019 WL 2152587, *1-2 (Pa. Super., filed May 16, 2019) (unpublished memorandum) (record citations and footnote omitted); R.R. 712a-716a.

- 3 -

After a trial was held on January 22-24, 2018, a jury found Appellant guilty of third-degree murder, simple assault, and two counts of recklessly endangering another person.[2]  N.T. Trial, 1/24/18, 105-106; R.R. 619a-620a. On March 1, 2018, the trial court imposed an aggregate term of 197 to 408 months of imprisonment.[3]  Sentencing Order, 3/1/18, 1-2; N.T. Sentencing Hearing, 3/1/18, 11-12; R.R. 112a-113a, 635a-636a.  On May 16, 2019, this Court affirmed the judgments of sentence.  ***Commonwealth v. Cilino***, 217 A.3d 406 (Pa. Super. 2019) (table).  Appellant did not seek *allocatur*.

On April 1, 2020, Appellant timely filed, through new counsel, his instant PCRA petition.[4]  PCRA Petition, 4/1/20, R.R. 729a-763a.  The PCRA court granted his request for an evidentiary hearing, and Appellant presented

---

[2] 18 Pa.C.S. §§ 2502(c), 2701, and 2705, respectively.  The jury found Appellant not guilty of two charges of aggravated assault.

[3] The aggregate term included consecutive prison terms of 180 to 360 months for third-degree murder, 10 to 24 months for simple assault, and 7 to 24 months for recklessly endangering another person.  Sentencing Order, 3/1/18, 1-2; R.R. 112a-113a.  The court imposed a concurrent prison term of 7 to 24 months for the second conviction for recklessly endangering another person. ***Id.***  On March 13, 2018, the court issued an amended sentencing order reflecting its reason for imposing an aggravated range sentence for simple assault.  Amended Sentencing Order, 3/13/18, 1; R.R. 114a.

[4] Appellant claimed in the petition that his trial counsel provided ineffective assistance by stipulating to prior convictions of the homicide victim and failing to preserve an objection to the trial court's rejection of his proposed jury instructions.  PCRA Petition, 4/1/20, ¶ 12(c)(i); R.R. 738a.  Appellant also claimed that his direct appeal counsel provided ineffective assistance by causing him to waive eight of his ten claims on direct review ("issues one through four, six through eight and issue ten").  PCRA Petition, 4/1/20, ¶ 12(c)(ii); R.R. 738a.  For the sake of clarity, the Court notes that the same attorney represented Appellant at trial and on direct appeal.

- 4 -

testimony from his prior counsel.[5]  PCRA Ct. Order, 7/20/20, 1; N.T. PCRA Hearing, 12/4/20, 8-61; R.R. 764a, 772a-824a.  With leave of court, the parties each filed post-hearing briefs.[6]  On March 10, 2021, the PCRA court dismissed Appellant's petition.  PCRA Ct. Order, 3/10/21, 1; R.R. 887a. Appellant filed a timely notice of appeal.[7]  Notice of Appeal, 4/7/21, 1; R.R. 932a.

Appellant presents the following issues for our review:

1)     Whether the PCRA Court erred or otherwise abused its discretion in denying Mr. Cilino's Petition for Post Conviction Relief.

2)     Whether the PCRA Court erred or otherwise abused its discretion in finding Mr. Cilino's trial counsel was not ineffective.

_____

[5] The PCRA court was a specially presiding judge from Susquehanna County who assumed supervision of the case following the retirement of the trial judge.

[6] Appellant raised in his brief an additional claim that trial counsel provided ineffective assistance by not presenting the testimony of "a forensic or firearms expert to refute [the testimony of] the Commonwealth's expert." Appellant's Post-Hearing Brief, 1/19/21, 8-20; R.R. 852a-864a.

[7] The Court does not perceive any issue with non-compliance with Pa.R.A.P. 1925.  Here, the PCRA court issued an opinion prior to the filing of Appellant's notice of appeal.  PCRA Ct. Opinion, 3/16/21; R.R. 888a-931a.  The PCRA court later issued an order for a statement of issues presented on appeal and Appellant timely filed a statement pursuant to Pa.R.A.P. 1925(b).  PCRA Ct. Order, 4/15/21, 1; Appellant's Rule 1925(b) Statement, 4/28/21, 1-3; R.R. 934a-937a.  The PCRA court thereafter issued an order noting that it was relying on its post-dismissal opinion as the court's response to the issues raised in Appellant's Rule 1925(b) statement.  PCRA Ct. Order, 6/7/21; R.R. 939a.

3)    Whether the PCRA Court erred or otherwise abused its discretion in finding that trial counsel was not ineffective when he stipulated to the Commonwealth's motion to exclude any reference to the alleged victim's prior convictions.

4)    Whether the PCRA Court erred or otherwise abused its discretion in finding that trial counsel was not ineffective when he did not object to the proposed jury instructions.

5)    Whether the PCRA Court erred or otherwise abused its discretion in finding that trial counsel was not ineffective when it failed to preserve the issue regarding the jury instructions before the trial court.

6)    Whether the PCRA Court erred or otherwise abused its discretion in finding [that] trial counsel [was] not ineffective for stipulating to the victim's prior convictions.

7)    Whether the PCRA Court erred or otherwise abused its discretion in finding [that] trial counsel [was] not ineffective for failing to develop the argument that Mr. Cilino was indigent which impacted the trial court's decision to appoint an expert.

8)    Whether the PCRA Court erred or otherwise abused its discretion in finding Mr. Cilino's appellate counsel was not ineffective.

9)    Whether the PCRA Court erred or otherwise abused its discretion in finding [that] Mr. Cilino's appellate counsel was not ineffective for waiving the issue on appeal that the trial court's errors singularly or in combination required a new trial.

10)   Whether the PCRA Court erred or otherwise abused its discretion in finding [that] Mr. Cilino's appellate counsel was not ineffective for not properly developing [the claim] that the trial court erred in denying the motion to appoint experts.

11)   Whether the PCRA Court erred or otherwise abused its discretion in finding [that] Mr. Cilino's appellate counsel was not ineffective for waiving on appeal [a claim concerning]

the trial court's denial [of his request] that the jury visit the crime scene.

12) Whether the PCRA Court erred or otherwise abused its discretion in finding [that] Mr. Cilino's appellate counsel was not ineffective for not properly developing on appeal [a claim concerning] the trial court's denial of several pre-trial continuance motions.

13) Whether the PCRA Court erred or otherwise abused its discretion in finding [that] Mr. Cilino's appellate counsel was not ineffective for waiving on appeal the issue that the trial court erred with regard to certain rulings as to the admissibility of the testimony of certain witnesses.

14) Whether the PCRA Court erred or otherwise abused its discretion in finding [that] Mr. Cilino's appellate counsel was not ineffective for not developing any substantive argument as to why the PFA was inadmissible.

15) Whether the PCRA Court erred or otherwise abused its discretion in finding [that] Mr. Cilino's appellate counsel was not ineffective for waiving on appeal [a claim concerning] the trial court's error in admitting in[to evidence] color post-mortem pictures of the alleged victim's body.

16) Whether the PCRA Court erred or otherwise abused its discretion in finding [that] Mr. Cilino's appellate counsel was not ineffective for waiving on appeal the challenge to the discretionary aspects of his sentence.

17) Whether the PCRA Court erred or otherwise abused its discretion in finding that appellate counsel's collective errors did not require Mr. Cilino's conviction to be reversed.

18) Whether the PCRA Court erred or otherwise abused its discretion in finding that appellate counsel's collective errors did not require Mr. Cilino's appeal rights to be reinstated.

Appellant's Brief at 4-6.

We review these issues mindful of our well-established standard of review:

> This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Bishop*, 266 A.3d 56, 62 (Pa. Super. 2021) (citation omitted). "The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review." *Id.* (citation omitted).

All of Appellant's issues challenge the prior denial of claims of ineffective assistance. "To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Webb*, 236 A.3d 1170, 1176 (Pa. Super. 2020); *see also* 42 Pa.C.S. § 9543(a)(2)(ii).

> Counsel is presumed to have been effective. In order to overcome that presumption and prevail on a claim of ineffectiveness, Appellant must establish that: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his conduct; and (3) he was prejudiced by counsel's ineffectiveness, *i.e.*, there is a reasonable probability that because of the act or omission in question, the outcome of the proceeding would have been different.

- 8 -

*Commonwealth v. Hand*, 252 A.3d 1159, 1166 (Pa. Super. 2021) (citations omitted). Failure to satisfy any one of the three prongs of the test will result in failure of the entire claim. *Webb*, 236 A.3d at 1176.

From the outset, the Court must note that – in this appeal addressing a claim of ineffective assistance based on the quality of appellate briefing – Appellant's instant brief falls below the standards delineated in our Rules of Appellate Procedure. Specifically, Appellant's brief asserts 18 questions presented for this Court's review, however he fails to develop specific arguments as to each question presented with separate headings, analysis, and appropriate citations to legal authority from this jurisdiction. *See* Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent"); *Kelly v. Carman Corp.*, 229 A.3d 634, 656 (Pa. Super. 2000) (citing Pa.R.A.P. 2119(a) and noting that an argument section shall include citation of authorities); *see also, e.g., Commonwealth v. Spotz*, 18 A.3d 244, 281 n.21 (Pa. 2011) (without a "developed, reasoned, supported, or even intelligent argument[, t]he matter is waived for lack of development"); *In re Estate of Whitley*, 50 A.3d 203, 209 (Pa. Super. 2012) ("The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities[; t]his Court will not consider the merits of an argument which fails

to cite relevant case or statutory authority") (internal citations and quotation marks omitted).

Before the PCRA court, Appellant raised in his petition and his post-hearing brief eight claims of direct appeal counsel ineffective assistance concerning the supposed waiver of eight claims on direct appeal and three claims of trial counsel ineffective assistance.  If Appellant wished to challenge the denial of relief as to each of his claims from below (which is what his outsized three-page statement of questions presented suggests), his appellate brief would naturally contain eleven separate argument sections addressing the PCRA court's review of each of his claims presented below.  In particular, he would be expected to address, *inter alia*, the PCRA court's review of his claims in its post-dismissal opinion.  Appellant does not engage in that analysis in his brief.  Instead, he has reproduced nearly verbatim the argument section from his post-hearing brief which has been changed only by the addition of general references to the denial of the petition below, the subtraction of some paragraphs citing boilerplate law on the standard of review for ineffective assistance of counsel claims, and a substitution of reproduced record citations in place of citations to specific items in the reproduced record.[8]  **Compare** Appellant's Brief at 8-23, with Appellant's Post-Hearing Brief, 1/19/21, 7-13, 15-20; R.R. 851a-857a, 859a-864a.

_____

[8] The subtraction of the section citing boilerplate law on the ineffective assistance of counsel standard of review in his post-hearing brief seems to be the result of a clerical error.  The page numbering in Appellant's electronically-filed appellate brief jumps from page 15 to page 18.

Moreover, we note that Appellant has failed to include a statement of the case in his brief as required by Pa.R.A.P. 2111(a)(5).

This Court could quash or dismiss this appeal due to Appellant's failure to comply with the Pennsylvania Rules of Appellate Procedure. **See** Pa.R.A.P. 2101 ("if the defects are in the brief … of the appellant and are substantial, the appeal … may be quashed or dismissed"). Because the briefing deficiencies in question hamper this Court's review, but do not make it impossible, and the Court can discern some of Appellant's arguments, we decline to do so. **Accord Kern v. Kern**, 892 A.2d 1, 6 (Pa. Super. 2005) ("[A]s a practical matter, this Court quashes appeals for failure to conform to the Rules of Appellate Procedure only where the failure to conform to the Rules results in the inability of this Court to discern the issues argued on appeal."). Nevertheless, for the reasons stated below, Appellant's truncated argument of his claims does not establish a basis for relief.

After first identifying the eleven ineffective assistance of counsel claims raised below, Appellant collectively argues his three trial counsel ineffectiveness claims. Appellant's Brief at 8-15. The focus of that section of his brief, however, is almost singularly trained on his claim that his prior counsel was ineffective for not presenting the testimony of an expert witness. As for his remaining claims concerning trial counsel's effectiveness, he only offers bald, single-sentence assertions alleging his entitlement to relief. Appellant's Brief at 15. Because single-sentence assertions are incapable of setting forth sufficient analysis of the three-pronged standard for evaluating

ineffectiveness claims, Appellant has waived for lack of argument his claims that trial counsel provided ineffective assistance by stipulating to prior convictions of the shooting victim and failing to raise an objection to the trial court's use of standard jury instructions. *See, e.g., Commonwealth v. Brown*, 161 A.3d 960, 969 (Pa. Super. 2017) (an assertion of a single-sentence ineffectiveness claim was rendered waived due to Brown's failure to properly develop the claim and set forth applicable case law to advance it in the argument section of his brief).

In the remaining trial counsel ineffectiveness claim, Appellant argues that trial counsel provided ineffective assistance by not presenting the testimony of an expert witness to rebut the testimony of the pathologist who conducted the autopsy of the victim and testified that he did not see any gun powder or soot on the victim's clothing. Appellant's Brief at 10-15, addressing testimony at N.T. Trial, 1/23/18, 28 ("I did not see any with my naked eye either gun powder or soot on the clothing."); R.R. 269a. He reasons that it was crucial to rebut that testimony because it supported the Commonwealth's theory of the case that there was distance between Appellant and the victim at the time of the shooting and contradicted the defense theory that the gun was fired during a close combat struggle. Appellant's Brief at 10. He also asserts that trial counsel should have consulted with him about his income and argued that he was indigent and thus entitled to public funds for an expert. *Id.* at 11-12.

The PCRA court denied this claim for lack of prejudice because, even assuming *arguendo* that Appellant had secured funds for an expert, he failed to proffer evidence on collateral review that expert testimony could have been presented in support of his defense. PCRA Ct. Opinion, 3/16/21, 42-43; R.R. 929a-930a. The record supports the PCRA court's denial of relief.

Our Supreme Court has acknowledged that, to prevail on a claim of ineffectiveness for failing to call an expert witness, a PCRA petitioner must prove that: (1) an expert witness was willing and available to testify on the subject of the proposed testimony at trial; (2) counsel knew of or should have known about the witness; and (3) the defendant was prejudiced by the absence of the proposed testimony. **Commonwealth v. Williams**, 141 A.3d 440, 460 (Pa. 2016); **see also Commonwealth v. Chmiel**, 30 A.3d 1111, 1143 (Pa. 2011) ("The mere failure to obtain an expert rebuttal witness is not ineffectiveness. Appellant must demonstrate that an expert witness was available who would have offered testimony designed to advance appellant's cause.") (citation omitted). As a threshold burden to this claim, Appellant had to identify a specific expert who was available and willing to testify for the defense. **See Commonwealth v. Wayne**, 720 A.2d 456, 470-71 (Pa. 1998) (holding that to prove a claim of ineffectiveness for failing to request a trial continuance for the purpose of securing an expert rebuttal witness, a petitioner "must demonstrate that an expert witness was available who would have offered testimony designed to advance appellant's cause;" "counsel

cannot be deemed ineffective for failing to request a continuance on an unsupported pretext").

Here, as the PCRA court properly appreciated, Appellant failed to identify any proposed expert witness and failed to proffer testimony for an evidentiary hearing that would have rebutted the expert testimony presented by the Commonwealth at trial. PCRA Ct. Opinion, 3/16/21, 42-43 ("At the PCRA hearing, however, Cilino offered no expert evidence whatsoever … such a claim necessarily requires proof that an actual expert exists who would have provided helpful evidence to the defense. Cilino has failed to present any evidence as to the existence of such a witness."); R.R. 929a-930a. In his post-hearing brief, as in his appellate brief, he merely assumed the existence of an available expert that would have assisted his defense. Appellant's Post-Hearing Brief, 1/19/21, 11 ("Here, the expert, whether forensic or firearms, would have been able to testify about gun powder, soot or stippling which would have bolstered Mr. Cilino's theory of the case."); R.R. 855a; Appellant's Brief at 12 (same); **see also** Appellant's Post-Hearing Brief, 1/19/21, 13 ("That expert **may have been able** to refute the Commonwealth's expert testimony…") (emphasis added); R.R. 857a; Appellant's Brief at 14 (same). We agree with the PCRA court that Appellant's failure to identify a specific expert witness and proffer testimony from them was fatal to his ineffective assistance of counsel claim. **See, e.g., Wayne, supra**, 720 A.2d at 470-471 (Wayne's claim that his prior counsel was ineffective for failing to request a trial continuance for purpose of procuring a ballistics expert failed where

- 14 -

Wayne made no attempt to demonstrate that an expert was available who would have offered testimony designed to advance his defense); ***Commonwealth v. Selenski***, 228 A.3d 8, 17 (Pa. Super. 2020) (Selenski's claim that his trial counsel was ineffective for failing to call a DNA expert to testify failed where he never demonstrated that an expert was available or willing to testify for the defense).

Appellant asserts in the remaining section of his argument that the PCRA court erred by not reinstating his direct appeal rights because his prior counsel was ineffective for causing him to waive numerous claims on direct review. Appellant's Brief at 18-23. He argues that a finding of waiver for eight of his ten claims on direct appeal essentially deprived him of having any appeal. ***Id.*** at 22. He does not provide analysis applying the three-prong ineffectiveness standard for his claim and, instead, implies that direct appeal counsel was *per se* ineffective for failing to develop his former appellate claims. ***Id.*** At 22-23. Appellant's claim fails for two reasons.

First, Appellant mischaracterizes the record when he alleges that he was deprived of a direct appeal. By focusing his ineffectiveness claim below only on eight of the ten claims he presented on direct review, he implicitly conceded that he received substantive review of at least two of his direct appeal claims. PCRA Petition, 4/1/20, ¶ 12(c)(ii) ("issues one through four, six through eight and issue ten"); R.R. 738a. For many of the remaining claims he refers to as waived, he ignores that this Court did not explicitly find waiver or in instances

where we decided that a claim was waived, we offered alternate merits holdings.

In Appellant's first issue on direct appeal in which he presented a claim of cumulative errors by the trial court, this Court found waiver for lack of argument development but also found a lack of merit to the claim because Appellant failed to demonstrate reversible error in any of his claims that were properly preserved and presented for appellate review. *Cilino*, 2019 WL 2152587, at *2; R.R. 750a.

In Appellant's second issue in which he alleged that the trial court erred by denying his pre-trial motion for the appointment of various experts to assist him with his defense, this Court did not issue a waiver holding and instead evaluated the claim and held that Appellant failed to establish either his indigency for purposes of securing public funds for an expert or that the trial court abused its discretion by denying his request for experts. *Cilino*, 2019 WL 2152587, at *2-3; R.R. 750a-752a. The same type of holding was made for his fourth issue, alleging that the trial court erred in denying his pretrial continuance motions. The Court reviewed his argument for that issue and found that he failed to establish that the trial court had abused its discretion. *Cilino*, 2019 WL 2152587, at *3-4; R.R. 753a-756a.

For his seventh issue, in which Appellant alleged that trial court erred in admitting evidence that Swingle obtained a PFA order against him, this Court found both that his claim was waived for lack of development and, in any event, meritless. This Court found that the claim was meritless because that

evidence was only introduced when Appellant opened the door to it by denying any abusive behavior toward Swingle and Appellant did not challenge the trial court's conclusion that he opened the door to that evidence. **Cilino**, 2019 WL 2152587, at *5; R.R. 758a-759a.

In his ineffectiveness claim below, Appellant did not allege that his fifth and ninth claims on direct review were waived because of prior counsel. PCRA Petition, 4/1/20, ¶ 12(c)(ii) ("issues one through four, six through eight and issue ten"); R.R. 738a. Only for the third, sixth, eighth, and tenth issues on direct review, did this Court rely exclusively on a waiver holding. **Cilino**, 2019 WL 2152587, at *3, 5-6; R.R. 752a-753a, 758a-759a, 761a.

Appellant thus incorrectly alleges that he was completely deprived of a direct appeal. He was only deprived of substantive review of four of his issues on direct review due to a lack of claim development by his former counsel. Four other claims were waived but this Court nevertheless reviewed them and offered alternate holdings that Appellant had failed to demonstrate any trial court error. For those claims, the ruling on the merits is a valid holding that constitutes the law of the case as to the ruled-upon issues. **See Commonwealth v. Reed**, 971 A.2d 1216, 1220 (Pa. 2009) (holding that Reed could not prove prejudice from prior counsel's failure to develop a claim on direct review where this Court ruled that the claim was both waived for want of development and devoid of substantive merit), **citing Commonwealth v. Swing**, 186 A.2d 24, 26 (Pa. 1962) ("[w]here a decision rests on two or more grounds equally valid, none may be relegated to the

inferior status of *obiter dictum*"). Accordingly, Appellant received substantive review of six of his ten direct appeal issues and incorrectly alleged that he was completely deprived of an appeal.

Second, because Appellant was not deprived of an appeal, he incorrectly argued his direct appeal counsel ineffectiveness claim under the wrong ineffectiveness standard. Where a counsel's filing of a deficient appellate brief on direct appeal does not constitute a complete failure to function as a client's advocate, a defendant is not entitled to a presumption of prejudice and the automatic reinstatement of his direct appeal rights. **See Reed**, 971 A.2d at 1226 ("we likewise conclude that the filing of an appellate brief, deficient in some aspect or another, does not constitute a complete failure to function as a client's advocate so as to warrant a presumption of prejudice under [**United States v. Cronic**, 466 U.S. 648 (1984)]"); **Commonwealth v. Reaves**, 923 A.2d 1119, 1128-1129 (Pa. 2007) (narrowing the ambit of reviewable issues on appeal does not constitute *per se* ineffectiveness).

In the absence of a complete failure to secure substantive review on direct appeal, Appellant needed to plead and prove his direct appeal counsel ineffectiveness claim under the actual prejudice standard in **Strickland v. Washington**, 466 U.S. 668 (1984), and **Commonwealth v. Pierce**, 527 A.2d 973 (Pa. 1987), rather than under the presumed prejudice standard for *per se* ineffectiveness in **Cronic***.* He failed to do that both in his PCRA filings and his appellate brief. Instead, he merely assumed that the waiver of some, but not all, of his direct appeal claims constituted *per se* prejudice and

incorrectly asserted that he was entitled to reinstatement of his direct appeal rights. Appellant's Post-Hearing Brief, 1/19/21, 18-19 ("Where claims are waived on direct appeal, those waived claims may be considered on post-conviction review as a component of deficient stewardship of counsel resulting in waiver … At that point an appeal nunc pro tunc is the proper remedy … Mr. Cilino was effectively rendered no appeal due to the waiver"); R.R. 862a-863a; Appellant's Brief at 21 (same); **see also** N.T. PCRA Hearing, 12/4/20, 64 (PCRA counsel at the evidentiary hearing: "Counsel's error caused prejudice such that there's reasonable probably [sic] that the result, there is that probability, Judge, because the Superior Court didn't even say yes or no it just said waived."); R.R. 828a.

To prove that direct appeal counsel provided ineffective assistance by failing to develop his claims on direct review, Appellant was required to demonstrate prejudice by pleading and offering to prove that if prior counsel had properly briefed his former claims there was a reasonable probability that the direct appeal claims would have resulted in a grant of relief. To do that he needed to both identify the manner in which prior counsel was deficient in preparing his direct appeal brief and then demonstrate that the direct appeal claims that were waived or undeveloped by prior counsel would have entitled him to relief. He failed to do that. We cannot find any error with the PCRA court's denial of Appellant's ineffectiveness claim because the court below properly appreciated that Appellant needed to demonstrate actual prejudice

and failed to do so.[9]  *See* PCRA Court's Opinion, 3/16/21, 31 ("Cilino must establish that he suffered actual prejudice based upon [prior counsel's] deficient appellate representation.  In his PCRA brief, Cilino has made no attempt whatsoever to argue that he was prejudiced by [prior counsel's] appellate representation."); R.R. 918a.

Accordingly, based on our review of the record, we agree with the PCRA court that Appellant failed to demonstrate prejudice for the claims he now argues on appeal.  For that reason, and because Appellant failed to establish that his prior counsel was ineffective, we affirm the PCRA court's order denying relief.

Order affirmed.

_____

[9] The PCRA court in its opinion valiantly reviewed appellant's direct appeal claims for possible proof of prejudice in the absence of any prejudice analysis offered below by Appellant.  PCRA Court's Opinion, 3/16/21, 32-40; R.R. 919a-927a.  We decline to address the court's analysis in those respects both because Appellant carried the burden to prove his ineffectiveness claims before the PCRA court and, in the absence of his own attempt to offer a proper prejudice analysis, any prejudice argument presented for the first time on appeal would be unreviewable.  *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."); *see also Commonwealth v. Spotz*, 896 A.2d 1191, 1221 (Pa. 2006) (absent a demonstration of prejudice, a post-conviction petitioner cannot prevail on a claim for ineffective assistance of counsel and no further inquiry into the claim is warranted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/20/2022</u>